Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Nelson A. Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNOR BURKESMITH, an individual; FIOR PRODUCTIONS LLC, a Wyoming Limited Liability Company;<br><br>Plaintiffs,<br><br>v.<br><br>VF OUTDOOR, LLC, a Delaware Limited Liability Company, d/b/a The North Face; OUTSIDEPR, INC., a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>   **1. DIRECT COPYRIGHT INFRINGEMENT**<br>   **2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br><u>Jury Trial Demanded</u> |

Plaintiffs Connor Burkesmith and Fior Productions LLC, through counsel, hereby pray to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(1), 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district and defendants each are residents of this state or maintain a regular and established place of business in this district.

## PARTIES

4.      Connor Burkesmith ("Burkesmith") is a professional photographer residing in Wyoming who specializes in outdoor and adventure photography.

5.      Fior Productions LLC ("Fior") (collectively with Burkesmith, "Plaintiffs") is a Wyoming limited liability company with its principal address located at 30 N Gould Street, Suite R, Sheridan, Wyoming 82801.

6.      Defendant VF OUTDOOR, LLC doing business as "The North Face" ("TNF") is a Delaware limited liability company with its principal address located at 1551 Wewatta Street, Denver, CO 80202. TNF has been and continues to be registered with the California Secretary of State since 2015. TNF maintains an office and/or location in this judicial district.

7.      Defendant OutsidePR, Inc. ("Outside") is a California Corporation with its principal address located at 207 2nd Street, Suite D, Sausalito, CA 94965.

8.      Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with TNF and Outside, the "Defendants"), are other parties not yet identified who are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages as herein alleged were proximately caused by the conduct of said Defendants. The true names, whether corporate, individual or

otherwise, of DOE Defendants are presently unknown to Plaintiffs, which therefore sue said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.    On information and belief, Plaintiffs allege that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## CLAIMS RELATING TO THE SUBJECT PHOTOGRAPHS

10.    Burkesmith is a professional photographer whose business consists, in part, of capturing photographs of athletes and the outdoors and licensing the rights to reproduce and distribute those photographs.

11.    Fior is an adventure, storytelling, and outdoor branding production studio that captures the stories of elite athletes and brands, often in some of the most extreme and physically demanding environments.

12.    Burkesmith exclusively owns six (6) original photographs registered with the United States Copyright Office under U.S. Copyright Reg. Number VA 2-418-892 (collectively, the "Burkesmith Photographs").

13.    Fior exclusively owns six (6) original photographs registered with the United States Copyright Office under U.S. Copyright Reg. Number VA 2-418-894 ("Fior Photographs") (collectively with the Burkesmith Photographs the "Subject Photographs"). True and correct copies of the Subject Photographs are set forth in **Exhibit A**.

14. On or around September 3, 2024, Plaintiffs provided TNF with the Subject Photographs and permitted TNF to use the photographs on its own social media platforms.

15. After receiving the Subject Photographs, TNF distributed the Subject Photographs to Outside and authorized Outside to copy, distribute, and authorize others to copy, publish, reproduce, create derivative works of, distribute, or otherwise use copies of the Subject Photographs for commercial purposes.

16. Outside then shared the Subject Photographs with various third parties and authorized them to copy, publish, reproduce, create derivative works of, distribute, or otherwise use copies of the Subject Photographs for commercial purposes.

17. At no point did Plaintiffs ever consent or authorize TNF to use the Subject Photographs beyond TNF's own social media use, nor did TNF ask Plaintiffs for permission to engage in the abovementioned infringing acts.

18. At no point did Plaintiffs ever provide Outside with consent or authorization to copy, distribute, and authorize others to copy, publish, reproduce, create derivative works of, distribute, or otherwise use copies of the Subject Photographs.

19. On or around February 18, 2026, Burkesmith sent a letter to TNF demanding that it cease-and-desist from its unauthorized commercial use of the Subject Photographs. TNF failed to respond.

## FIRST CLAIM FOR RELIEF

**(For Direct Copyright Infringement - Against All Defendants, and Each)**

20. Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21. The Subject Photographs are original works of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States' copyright laws (17 U.S.C. § 101 *et seq*.).

22. Burkesmith owns valid copyrights in the Burkesmith Photographs, having registered them with the United States Copyright Office.

23. Fior owns valid copyrights in the Fior Photographs, having registered them with the United States Copyright Office.

24. Defendants, and each of them, had access to the Subject Photographs, including through Burkesmith sending the Subject Photographs to TNF, on third-parties' websites, through those who were authorized licensees of the Subject Photographs, and/or through Internet search engines; and/or because the unauthorized copies are essentially verbatim copies of, and thus strikingly similar to, the Subject Photographs.

25. Defendants, and each of them, stored, copied, displayed, published, reproduced, created derivative works of, distributed, and/or authorized the foregoing of the Subject Photographs without license, authorization, or consent from Plaintiffs.

26. Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiffs' rights, such that said acts of copyright infringement were willful, intentional, malicious, and/or taken with reckless disregard for Plaintiffs' rights.

27. Due to Defendants', and each of their, acts of copyright infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

28. Due to Defendants', and each of their, acts of copyright infringement, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of

Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiffs' rights in the Subject Photographs in an amount to be established at trial.

29.     Alternatively, to the extent applicable under 17 U.S.C. § 412, Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(For Contributory Copyright Infringement - Against VF OUTDOOR, LLC)**

30.     Plaintiffs repeat, re-allege, and incorporate herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

31.     TNF knew or had reason to know that its permitted use of the Subject Photographs was limited to use on its own social media.

32.     TNF materially contributed to Outside's direct infringement by sharing the Subject Photographs with Outside and authorizing Outside to, *inter alia*, distribute and authorize third parties to copy, display, publish, reproduce, create derivative works of, and distribute the Subject Photographs.

33.     By reason of TNF's acts of contributory infringement as alleged above, Plaintiffs have suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as general and special damages in an amount to be established at trial.

34.     Plaintiffs allege that TNF committed contributory copyright infringement with actual knowledge or reckless disregard of Plaintiffs' rights such

6

that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

35.    Due to TNF's acts of contributory copyright infringement as alleged herein, it has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiffs' rights in the Subject Photographs. As such, Plaintiffs are entitled to disgorgement of TNF's profits directly and indirectly attributable to its infringement of the Subject Photographs, in an amount to be established at trial.

36.    Plaintiffs are informed and believe and thereon allege that TNF has committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects TNF to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make their election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows against all Defendants and with respect to each claim for relief:

    a.  That Plaintiffs be awarded Defendants' (and each of their) profits, plus Plaintiffs' losses, attributable to Defendants' infringements of the Subject Photographs, the exact sum to be proven at the time of trial; or, if elected, statutory damages as available under the statutes set forth above, to the extent that they are available;

    b.  That Plaintiffs be awarded their costs and fees under the statutes set forth above;

    c.  That Plaintiffs be awarded their costs and attorneys' fees to the extent that they are available under the Copyright Act 17 U.S.C. § 101 et seq.;

COMPLAINT

d.  That Plaintiffs be awarded pre-judgment interest as allowed by law;

e.  That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

Plaintiffs demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.


Dated: July 14, 2026                           DONIGER/BURROUGHS

                                    By:    /s/ *Stephen M. Doniger*
                                           Stephen M. Doniger, Esq.
                                           Nelson A. Campbell, Esq.
                                           *Attorneys for Plaintiffs*

COMPLAINT